FILED
United States Court of Appeals
Tenth Circuit

June 25, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TONI PANRIHON
SIMANGUNSONG,

      Petitioner,

v.

ERIC H. HOLDER, JR.,*
United States Attorney General,

      Respondent.

No. 08-9548
(Petition for Review)

---

**ORDER AND JUDGMENT***

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

Petitioner Toni Panrihon Simangunsong challenges an order of the Board of

Immigration Appeals (BIA) upholding an Immigration Judge's (IJ's) denial of his

application for asylum, restriction on removal, and relief under the Convention

---

\*      Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for
Michael B. Mukasey as the respondent in this appeal.

\*\*      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Against Torture (CAT). Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

## I. Background

Mr. Simangunsong is a native and citizen of Indonesia. He entered the United States in December 1994 on a B-2 visitor visa. Nine years later, he was served with a notice to appear that charged him as removable for overstaying his visa and for being employed. He conceded removability but sought asylum, restriction on removal, CAT relief, and in the alternative, voluntary departure.

At a merits hearing in 2006, Mr. Simangunsong testified that he is Christian. His two older brothers and one younger sister are also Christian but they still live in Indonesia. Mr. Simangunsong testified that he is afraid to return to Indonesia because the circumstances there have "changed," Admin. R. at 60, it is difficult to find a job, and "it's very easy for riots to take place," *id.* at 63. When asked whether he or his family suffered harm on account of being Christian he responded, "That didn't happen in my family. . . . I lived in a Chinese people environment. They would often bother us. We were afraid, we had a feeling of fear . . . ." *Id.* at 59. But he denied being "threatened in any way." *Id.* In public middle school in Indonesia, however, the Christians "were kind of isolated," and he and other Christian children were required to leave the classroom during Muslim religion class. *Id.* at 57.

When asked what political opinion he held that made him "fear . . . going back to Indonesia," he replied without explanation, "the demonstrations that were taking place." *Id.* at 67. He also testified that he had neither belonged to a political party in Indonesia nor been involved in politics in Indonesia. He stated that he did not know whether there was any place in Indonesia where he would be safe, and that he did not know whether the police "could keep the peace there." *Id.* at 62.

The IJ issued an oral decision denying the relief sought. He found Mr. Simangunsong statutorily ineligible for asylum because he failed to file his asylum application within one year of arriving in the United States, and he failed to show changed or extraordinary circumstances sufficient to excuse the untimely filing. Turning to restriction on removal and CAT relief, the IJ found Mr. Simangunsong had "not testified to past persecution in Indonesia," Supp. Admin. R. at 5, the matters testified to did not constitute persecution but rather "harassment and discrimination," *id.*, and Mr. Simangunsong had failed to demonstrate that relocation within Indonesia would be unreasonable. The IJ concluded:

> [A]lthough the situation for Christians in Indonesia is not ideal, the Court cannot find that the respondent's evidence taken as a whole would show that it is more likely than not that [he] would be persecuted in Indonesia. Also, there is no evidence at all that the Government [would be complicit to] torture [of] the respondent if he were returned to Indonesia. Accordingly, [he] does not meet his burden of proof to show that it is more likely than not that he would

be persecuted or tortured upon return to Indonesia. Therefore, he
may not be granted [restriction on removal] . . . or [relief] under the
United Nations Convention Against Torture.

*Id.* at 7. The IJ did, however, grant Mr. Simangunsong's request for voluntary

departure. Mr. Simangunsong appealed.

The BIA dismissed Mr. Simangunsong's appeal. It agreed with the IJ that

Mr. Simangunsong's application for asylum was untimely and that he had failed

to demonstrate qualification for an exception from the filing deadline. It also

agreed with the IJ that Mr. Simangunsong was not entitled to restriction on

removal or CAT protection. In so holding, the BIA stated:

> the respondent's past mistreatment as a Christian in Indonesia did not
> rise to the level of persecution. Nor does the evidence establish that
> it is more likely than not that he would suffer religious or political
> persecution in Indonesia in the future. Moreover, in order to prevail
> on his [restriction on removal] claim, the respondent must
> demonstrate that persecution [would] be inflicted by the government
> or by a non-governmental group that the government is unwilling or
> unable to control; the respondent has claimed only that the
> government may not try or be able to protect him from anti-Christian
> violence.

> Finally we affirm the Immigration Judge's denial of the
> respondent's application for protection under the Convention Against
> Torture, for he has not shown that he would more likely than not
> suffer torture by or with the acquiescence of the government of
> Indonesia.

Admin. R. at 2 (citations and quotations omitted). This petition for review

followed.

## II. Discussion

Because the BIA issued its decision by a brief order signed by a single board member, 8 C.F.R. § 1003.1(e)(5), we review the BIA's decision as the final order of removal but "may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). "Our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole. Agency findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 788-89 (quotations and brackets omitted). We review the agency's legal conclusions de novo. *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005).

Mr. Simangunsong does not appeal the denial of his asylum application, apparently recognizing its untimeliness. He does, however, appeal the decisions not to grant restriction on removal or CAT relief.

### A. Restriction on Removal

An alien is entitled to restriction on removal if his "life or freedom would be threatened in th[e] country [of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A).

An alien may create a rebuttable presumption of eligibility for restriction on removal by either (1) demonstrating "past persecution" in the proposed country of removal on account of one of the protected grounds . . . ; or (2) showing that "it is more likely than not that the alien would be subject to persecution on one of the specified grounds" upon returning to the proposed country of removal.

*Sidabutar v. Gonzales*, 503 F.3d 1116, 1123-24 (10th Cir. 2007). "[W]hether an alien has demonstrated persecution is a question of fact." *Hayrapetyan v. Mukasey*, 534 F.3d 1330, 1335 (10th Cir. 2008) (quotation omitted).

Mr. Simangunsong makes conclusory assertions, without citation to the record, that he has suffered past persecution.[1] Here, the BIA concluded that the matters Mr. Simangunsong testified about did not rise to the level of past persecution, and our review of the record reveals substantial evidence to support that conclusion. *See Tulengkey*, 425 F.3d at 1280 ("Persecution is the infliction of suffering or harm . . . and requires more than just restrictions or threats to life and liberty." (quotation omitted)).

Equally unavailing is Mr. Simangunsong's position that because he established past persecution, "it is the Government's burden to show that he could reasonably safely relocate." Pet'r Br. at 6-7. This bare assertion is misplaced.

---

[1] While this court has "routinely . . . declined to consider arguments that . . . are inadequately presented," we exercise our discretion in this case to reach the merits of Mr. Simangunsong's arguments. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). *See also* Fed. R. App. P. 28(a)(9)(A) ("[Appellant's] argument . . . must contain appellant's contentions and the reasons for them, with citations to the authorities and *parts of the record* on which the appellant relies." (emphasis added)).

Because Mr. Simangunsong has *not* shown past persecution, and because the alleged future persecution would be by Muslims and not by the Indonesian government or government-sponsored group, it is *his burden*—not the Government's—to establish that relocation would be unreasonable. *See* 8 C.F.R. § 1208.13(b)(3)(I); *Tulengkey*, 425 F.3d at 1281. Here, the BIA concluded that Mr. Simangunsong did not meet his burden, and our review of the record does not compel us to conclude otherwise. Likewise, Mr. Simangunsong's subjective belief that he could not "safely relocate within Indonesia," Pet'r Br. at 7, falls far short of demonstrating that "any reasonable adjudicator would be compelled to conclude" the BIA erred on this point, *Sarr*, 474 F.3d at 788-89 (quotation omitted).

The BIA held that Mr. Simangunsong did "not establish[] that he merits [restriction on removal]." Admin. R. at 2. Our review of the record confirms this determination.

## B. Convention Against Torture

"To receive the protections of the CAT, an alien must demonstrate that it is more likely than not that he will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." *Sidabutar*, 503 F.3d at 1125 (quotation omitted). A CAT claim differs from a restriction on removal claim in that "there is no requirement that the petitioner[] show that torture will occur on account of a statutorily protected ground." *Id.* (quotation omitted).

Mr. Simangunsong asserts, again in conclusory fashion, *see supra* n.1, that he qualifies for CAT relief for the same reasons that he qualifies for restriction on removal. We see no basis to disturb the BIA's decision to deny Mr. Simangunsong's application for protection under the CAT. He has not established a clear probability of torture by or at the instigation of or with the consent and acquiescence of the Indonesian government.

### III.  Conclusion

The BIA did not err in dismissing Mr. Simangunsong's claims for restriction on removal and CAT relief. The petition for review is therefore DENIED.

Entered for the Court

Monroe G. McKay
Circuit Judge